UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rashida Cain, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Comcast Holdings Corporation, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Rashida Cain, by undersigned counsel, states as follows:

### **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### **PARTIES**

3. The Plaintiff, Rashida Cain ("Plaintiff"), is an adult individual residing in Nashville, Tennessee, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Comcast Holdings Corporation ("Comcast"), is a Pennsylvania business entity with an address of 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5.    Beginning in or around May 2014, Comcast started calling Plaintiff's cellular phone, number (615) XXX-8340, approximately three (3) times a week.

6.    Comcast placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer").

7.    Plaintiff has no prior business relationship with Comcast and never provided her consent to be contacted by means of an automated dialing system on her cell phone.

8.    When Plaintiff answered the ATDS calls, she was met with a period of silence and had to wait on the line to be connected to the next available customer service representative.

9.    During the initial conversation and each thereafter, Comcast's representatives stated they were attempting to contact Tom.

10.   Plaintiff immediately informed Comcast that she was not Tom and that Tom could not be reached on her cell phone number. Accordingly, Plaintiff directed Comcast to cease calling her number.

11.   Nonetheless, Comcast continued to place ATDS calls to Plaintiff's cell phone in an effort to reach Tom.

12.   The calls from Comcast were not placed for emergency purposes.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, *ET SEQ*.**

13.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.   At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16.     Defendant's telephone systems have all the earmarks of a predictive dialer. When Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to live person.

17.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant on at least one occasion to stop all calls to her and cease calling her cellular telephone.

19.     Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 25, 2014

>Respectfully submitted,
>
>By /s/ JBB8445
>
>Jody B. Burton, Esq.
>Bar No.: 71681
>LEMBERG LAW LLC
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile: (203) 653-3424
>Attorneys for Plaintiff